**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000287
31-JUL-2024
08:36 AM
Dkt. 78 SO**

NO. CAAP-20-0000287


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JACQUES BARTHOLOMEW GARRETT, Plaintiff-Appellant, v.
ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/
CORTEBELLA/LAS BRISAS/TIBURON, Defendant-Appellee,
and JOHN DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20;
DOE CORPORATIONS 1-20; DOE ENTITIES 1-20;
and DOE GOVERNMENTAL UNITS 1-20, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC191001594)


SUMMARY DISPOSITION ORDER
(By:  Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

Plaintiff-Appellant Jacques Bartholomew Garrett

(**Garrett**) appeals from the Circuit Court of the First Circuit's[1]

March 18, 2020 Order Granting Defendant-Appellee Association of

Apartment Owners of Terrazza/Cortebella/Las Brisas/Tiburon's

(**Association**) Motion to Dismiss Complaint (**Order**) and March 18,

2020 Final Judgment (**Judgment**).

---

[1]  The Honorable Dean E. Ochiai presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced by the parties, we resolve Garrett's arguments as discussed below.

In his sole point of error, Garrett contends the circuit court erred in dismissing his complaint because Act 282's (2019) amendment to Hawaiʻi Revised Statutes (**HRS**) chapter 667 did not obviate the requirement for a power of sale provision in Association's bylaws or other enforceable agreement to conduct a nonjudicial foreclosure on his unit.

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of their claim that would entitle them to relief." Malabe v. Ass'n of Apartment Owners of Exec. Ctr. by & through Bd. of Dirs., 147 Hawaiʻi 330, 338, 465 P.3d 777, 785 (2020) (cleaned up). We view the complaint in the light most favorable to the plaintiff "to determine whether the allegations contained therein could warrant relief under any alternative theory" and "our consideration is strictly limited to the allegations of the complaint, and we must deem those allegations to be true." Id. (citation omitted).

In his complaint, Garrett asserted that "[a]ccording to the Affidavit, [Association] claims to have complied with [HRS] Chapter 667, Chapter 514A and 514[B], and the By-Laws[.]"

Garrett then asserted Association's "governing bylaws lacked a power of sale as required to conduct a nonjudicial foreclosure in the State of [Hawaiʻi]" and Association's "actions constitute wrongful foreclosure, which foreclosure resulted in damages to" him.

In its Order, the circuit court concluded, based on Act 282, "Association was not required to have a power of sale provision in [its] governing documents to conduct a nonjudicial power of sale foreclosure, and the Association therefore had the statutory authority to conduct the nonjudicial foreclosure of the Property."

However, as the Hawaiʻi Supreme Court explained, Act 282 does not affect a wrongful foreclosure claim under HRS chapter 667, Part I. See Malabe, 147 Hawaiʻi at 333, 356, 465 P.3d at 780, 803.

To the extent the circuit court relied on Act 282 in determining Association was not required to have a power of sale provision in its governing documents to conduct a nonjudicial foreclosure sale, it erred in dismissing Garrett's wrongful foreclosure claim. See Collins v. Ass'n of Apartment Owners of Kemoo by the Lake, CAAP-18-0000850, 2024 WL 3205278, at *3 (Haw. App. June 27, 2024); Sakal v. Ass'n of Apartment Owners of Hawaiian Monarch, 148 Hawaiʻi 1, 9 n.13, 466 P.3d 399, 407 n.13 (2020) (stating per Malabe, AOAO was not permitted to foreclose

3

on property without power of sale provision in its bylaws or other enforceable agreement).

Because the circuit court concluded Garrett's remaining causes of action relied on a lack of power of sale in Association's governing documents, i.e. the basis of Garrett's wrongful foreclosure claim, it erred in dismissing Garrett's remaining claims with prejudice.

For these reasons, we vacate the March 18, 2020 Order and the March 18, 2020 Judgment, and remand this case to the circuit court for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, July 31, 2024.

On the briefs:                          /s/ Katherine G. Leonard
                                        Acting Chief Judge
Keith M. Kiuchi,
for Plaintiff-Appellant.                /s/ Clyde J. Wadsworth
                                        Associate Judge
David R. Major,
Grant Fasi Allison,                     /s/ Sonja M.P. McCullen
Jai W. Keep-Barnes,                     Associate Judge
(Bays Lung Rose & Voss),
for Defendant-Appellee.